In re Dennis GLENDENNING, Debtor.

**Ruth A. ARMSTRONG, Plaintiff,**

v.

**Dennis GLENDENNING, Defendant.**

Bankruptcy No. B89-1305.
Adv. No. B89-0236.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Oct. 13, 1989.

James D. Shelby, Cleveland, Ohio, for plaintiff.

Steven S. Davis, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this adversary proceeding the Plaintiff, Ruth A. Armstrong (Armstrong) seeks a grant of summary judgment which, if granted, would render nondischargeable a state court judgment awarded to her. Upon full consideration of Armstrong's motion for summary judgment with supporting documentation, and opposing brief submitted by Dennis Glendenning (the Debtor), the following findings and conclusions have been reached:

This action is a core proceeding under 28 U.S.C. § 157, with jurisdiction conferred

under 28 U.S.C. § 1334. Following the state court's entry of judgment on the pleadings favorable to Armstrong, the Debtor sought relief in this Court under Chapter 7. That judgment was rendered in an amount of $30,000.00 plus interest and costs (See, Plaintiff's Motion for Summary Judgment, Attach. #1) and resulted from a breach of contract action filed by Armstrong against the Debtor and.another non-debtor party defendant. The prayer for relief sought $20,000.00 in compensatory damages and $10,000.00 punitive damages.

In support of her motion for summary judgment, Armstrong has submitted documentary evidence which is inclusive of a copy of the Amended Complaint filed in the state court; a copy of her motion for judgment on the pleadings filed in state court; a certified copy of the state court's judgment entry; an affidavit of James D. Shelby (Plaintiff's counsel); and her brief in support of the motion for summary judgment. Having considered each of those documents, it is observed that Armstrong's motion for judgment on the pleadings was premised on the allegation that she had suffered damages as a result of the Debtor's conduct, and that the Debtor had failed to file an answer to the state court complaint in which she had alleged fraudulent conduct.

In opposing a grant of summary judgment, the Debtor acknowledged that Armstrong was a scheduled creditor on his voluntary Chapter 7 petition schedules. The Debtor contends, however, that summary judgment is improper in this instance as the state court judgment was, in effect, a default judgment based on the fact that Debtor failed to file an answer to the complaint filed in that court.

In reaching a resolution of this matter, the Court has considered Rule 7056(c), Bankr.R., which provides in pertinent part:

R.56(c) Motions and Proceedings Thereon.

—The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.... Rule 7056(c), Bankr.R.

The requirements of Rule 56(c) have been further considered in conjunction with the relatively modern approach taken in the adjudication of summary judgment motions. See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989). The criteria to be considered in determining motions for summary judgment were elaborately addressed in the Supreme Court's holding in *Liberty Lobby*. Therein, the following is enunciated:

1. Not every issue of fact of conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion;

2. The materiality of any fact should be determined by the substantive law of the case. *Liberty Lobby, supra*, 106 S.Ct. at 2510.

3. The test for deciding a motion for summary judgment is the same as that for a directed verdict motion. *Id.* at 2512.

4. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.

5. The mere existence of a scintilla of evidence in support of the movant's position will be insufficient; there must be evidence on which the jury could reasonably find for the movant.

6. When the non-moving party must meet a higher burden of proof than usual, that party must meet the same burden in resisting the summary judgment motion.

7. Summary judgment motions should be granted with circumspection; trials on affidavits are not justified. *Id.* at 2513–14.

8. The non-moving party must present affirmative evidence in order to defeat a

properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the movant, as long as the non-moving party has had a full opportunity to conduct discovery.

■ The Debtor contends that since the effect of the state court ruling was that of a default judgment, it would be improper for this Court to grant summary judgment since the state court made no specific findings relative to the dischargeability elements of 11 U.S.C. § 523(a)(2) as alleged by Armstrong. On the other hand Armstrong's argument advances the doctrine of res judicata which ensures the finality of decisions. Thereunder, a final judgment on the merits bars further claims by parties or their privies based upon the same cause of action. It precludes litigation of a claim in every respect where an earlier opportunity to do so was available to the parties. See, *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979), *citing, Montana v. U.S.*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

■ At bar, an examination of the state court's judgment reveals that it is silent regarding any specific findings required under § 523(a)(2) of the Bankruptcy Code. Additionally, neither the state court judgment nor any other exhibited documents reflects the presence of any stipulations entered into by the parties concerning any required element of dischargeability under § 523(a)(2). In order to be favorably sustained on a dischargeability action, an objecting creditor is reposed with the burden of proof which must be carried by a fair preponderance of the evidence. *In re Ramos*, 8 B.R. 490 (Bankr.W.D.Wis.1981). In meeting that challenge, the objecting creditor must be able to allege specific facts and show a specific statutory ground within the Bankruptcy Code for denying a debtor a discharge. *Bankruptcy*, ¶ 11, 154, Ginsberg, R.E., 1988 (Supp.). The position is well established in bankruptcy law

that a pre-bankruptcy judgment which is favorable to a creditor should not be *res judicata* on the issue of dischargeability under § 523(a)(2)(4) or (6) since this issue is strictly a question of federal bankruptcy law. *In re Reed*, 700 F.2d 986 (5th Cir. 1983).[1]

■ The Court next considers applicable criteria as was enunciated by the U.S. Supreme Court in *Liberty Lobby*. Here, an application of *res judicata* is not appropriate as only the Bankruptcy court can make an accurate determination regarding the dischargeability elements of § 523. *Brown, supra*, 442 U.S. at 137, 99 S.Ct. at 22. Further, the materiality of any fact should be determined by the substantive law of the case. *Liberty Lobby, supra*, 106 S.Ct. at 2510. Necessarily, the applicable substantive law of the case is that which is found in bankruptcy law. Further, the test for deciding a summary judgment motion is the same as that used for a directed verdict. *Id.* at 2512. That is, there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. In view of this Court's finding herein that extrinsic evidence is admissible to allow the Bankruptcy Court the determination of dischargeability issues, there remain triable issues upon which the non-moving Debtor may successfully defend himself. This Court is further mindful of the Supreme Court's admonition that summary judgment motions should be granted with circumspection. *Id.* Additionally, the Debtor correctly argues that the state court judgment does not enjoy *res judicata* effect to the present action.

In view of the foregoing, it is hereby found that (1) genuine issues of material fact remain; (2) *res judicata* is not applicable and extrinsic evidence may be admitted to allow the Bankruptcy Court to determine dischargeability under § 523 pertaining to a debt previously reduced to judgment in a state court.

---

1. "By the express terms of the Constitution, bankruptcy law is federal law, U.S. Const., Art. I, § 8, cl. 4, and the Senate Report accompanying the amendment described the bankruptcy court's jurisdiction over these [§ 523] claims as 'exclusive.'" S.Rep. No. 91–1173, p. 2 (1970); *Brown v. Felsen, supra*, 442 U.S. at 136, 99 S.Ct. at 2211. •

Accordingly, Armstrong's motion for summary judgment is hereby denied.

IT IS SO ORDERED.